**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Movant Dr. Dennis Richerson*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD R. WESTON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DOCUSIGN, INC., DANIEL D. SPRINGER, MICHAEL J. SHERIDAN, and CYNTHIA GAYLOR,<br><br>Defendants. | Case No.: 3:22-cv-00824-WHO<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. DENNIS RICHERSON'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:       March 30, 2022<br>Time:       2:00 p.m.<br>Courtroom: 2-17th Floor<br>Judge:      William H. Orrick |

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on March 30, 2022 at 2:00 p.m., or as soon as counsel may be heard, the undersigned will move before the Honorable Judge William H. Orrick at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 2 on the 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

1. Appointing Dr. Dennis Richerson ("Movant") as Lead Plaintiff;

2. Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel; and

3. Granting such other and further relief as the Court may deem just and proper.

Movant respectfully submits the following memorandum in support of his motion for: (a) appointment of Movant as Lead Plaintiff; and (b) approval of Levi & Korsinsky as Lead Counsel.

# MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

I. SUMMARY OF ARGUMENT ................................................................................................1

II. STATEMENT OF ISSUES TO BE DECIDED ......................................................................2

III. STATEMENT OF FACTS .......................................................................................................2

IV. PROCEDURAL HISTORY......................................................................................................3

V. ARGUMENT............................................................................................................................3

    A. Movant's Appointment as Lead Plaintiff Is Appropriate. ................................................3

        1. The Procedure Required by the PSLRA ...................................................................3

            a. Movant Is Willing to Serve as Class Representative. .............................4

            b. Movant Has the Largest Financial Interest in the Relief Sought by the Class. ........................................................................................................5

        2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure. ..................................................................................................................5

            a. Movant's Claims Is Typical of the Claims of All Class Members. .........6

            b. Movant Will Adequately Represent the Class. ......................................7

    B. Approval of Movant's Choice of Counsel Is Appropriate.............................................8

VI. CONCLUSION.........................................................................................................................9

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. DENNIS RICHERSON'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

# **TABLE OF AUTHORITIES**

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
  No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ..........................5

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ........................................................................................... 1, 5, 6

*In re Coinbase Global Securities Litigation*,
  No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ........................................................8

*Crawford v. Honig,*
  37 F.3d 485 (9th Cir. 1994) .....................................................................................................7

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
  2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) ..................................................................8

*Deinnocentis v. Dropbox, Inc.,*
  2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) ..........................................................9

*In re Drexel Burnham Lambert Grp.*,
  960 F.2d 285 (2d Cir. 1992) .....................................................................................................7

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) .............................................................................................6

*Gen. Tel. Co. of the Southwest v. Falcon*,
  457 U.S. 147 (1982) .................................................................................................................7

*Gold v. Lumber Liquidators, Inc.,*
  323 F.R.D. 280 (N.D. Cal. 2017) .............................................................................................7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) .................................................................................................6

*Haung v. Acterna Corp.,*
  220 F.R.D. 255 (D. Md. 2004) .................................................................................................6

*Hessefort v. Super Micro Computer, Inc,*
  317 F.Supp.3d 1056 (N.D. Cal. 2018) .....................................................................................6

*In re LendingClub Sec. Litig.,*
  282 F.Supp.3d 1171 (N.D. Cal. 2017) ..................................................................................6, 7

*In re Milestone Sci. Sec. Litig.*,
  183 F.R.D. 404 (D.N.J. 1998) .................................................................................................6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................................6

*Johnson v. OCZ Tech. Grp.*,
  2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) .........................................................1, 4

*Nickerson v. American Electric Power Company, Inc., et al.*,
  No. 2:20-cv-04243-SDM-EPD (S.D. Ohio Nov. 24, 2020) ............................................................. 9

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993) ........................................................................................................ 6

*Veal v. LendingClub Corporation,*
  2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) .............................................................................. 6

*White Pine Invs. v. CVR Ref.,*
  2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) ................................................................. 9

**Statutes**

15 U.S.C. § 78u-4 ..................................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23(a) ........................................................................................................... 1, 6, 7

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. DENNIS RICHERSON'S MOTION FOR:
(1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

## I. SUMMARY OF ARGUMENT

Presently pending before the Court is the above-captioned securities class action (the "Action") brought on behalf of all persons and entities who purchased or otherwise acquired DocuSign, Inc. ("DocuSign" or the "Company") securities between March 27, 2020 and December 2, 2021, inclusive (the "Class Period")[1]. Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers and/or directors.

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant lost approximately $106,928.71 in losses recoverable under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338 (2005) using a last-in-first-out ("LIFO") analysis. *Johnson v. OCZ Tech. Grp.*, No. 12-cv-05265-RS, 2013 U.S. Dist. LEXIS 1610, at *7 (N.D. Cal. Jan. 4, 2013).[2] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[3] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

---

[1] The action entitled *Collins v. DocuSign, Inc., et. al.,* Case No. 1:21-cv-07071-FB-PK (E.D.N.Y.) (the "*Collins* Action") defines the Class Period as March 27, 2020 through December 2, 2021, inclusive. The action styled *Weston v. DocuSign, Inc., et. al.,* Case No. 3:22-cv-00824- WHO (N.D. Cal.) (the "*Weston* Action") defines the Class Period as June 4, 2020 through December 2, 2021, inclusive. Movant adopts the most-inclusive Class Period defined in the *Collins* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

[2] Movant's certification identifying his transactions in DocuSign, as required by the PSLRA, as well as a chart identifying his losses, are attached to the accompanying Declaration of Adam M. Apton ("Apton Decl."), as Exhibits A and B, respectively.

[3] The "Class" is comprised of all persons who purchased or otherwise acquired securities during the Class Period.

Accordingly, Movant respectfully requests that: (1) he be appointed Lead Plaintiff; and (2) his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") be approved as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1.  Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

2.  Whether the Court should appoint Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed Class.

## III. STATEMENT OF FACTS[4]

DocuSign is a Delaware corporation with principal executive offices in San Francisco, California that offers software that facilitates electronic signatures and agreements. ¶ 2. Specifically, in addition to DocuSign's eSignature services, the DocuSign Agreement Cloud software suite enables users to generate, distribute, and sign agreements, and further offers technological support for, among other things, negotiating agreements and collecting payments after signatures. *Id.*

The *Weston* Complaint alleges that, throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts, about the Company's business and operations. ¶ 7. Specifically, Defendants misrepresented and/or failed to disclose: (1) much of DocuSign's accelerated growth in 2020 and early 2021 was attributable to COVID-19 pandemic restrictions rather than a sustainable shift in demand for the Company's services; (2) demand for DocuSign's services was, in fact, waning as COVID-19 pandemic restrictions were being lifted; and (3) as a result, Defendants' statements about the Company's business, operations, and prospects lacked a reasonable basis. *Id.*

Defendants repeatedly assured investors that DocuSign would continue to experience sustained growth in demand for its software even after COVID-19 pandemic restrictions were lifted. ¶ 3. Defendants' assurances proved to be false. The Company revealed on December 2, 2021 that billings of $565 million for the third quarter of fiscal 2022 "fell short of [DocuSign's] billings guidance, coming

---

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Weston* Complaint") filed in the *Weston* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Weston* Complaint. The facts set forth in the *Weston* Complaint are incorporated herein by reference.

2

in at 28% year-over-year growth"—or roughly half of the prior quarter's year-over-year growth rate. ¶ 4. Additionally, DocuSign's fourth quarter fiscal 2022 financial guidance missed analysts' expectations. *Id.*

Specifically, Defendants explained that, "[w]ith the boost from COVID-19 over the past year and a half, we experienced exceptionally high growth rates" but, "[a]s we move through Q3 and into the second half of the year, we saw demand slow and the urgency of customers' buying patterns temper." ¶ 5.

In response to this news, the price of DocuSign common stock declined more than 42%, or $98.73 per share, from a close of $233.82 per share on December 2, 2021, to close on December 3, 2021 at $135.09 per share. ¶ 6.

### IV. PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Weston* Action filed against Defendants. This is the second securities lawsuit filed against the Defendants alleging securities fraud.

Plaintiff Brian D. Collins ("Collins") commenced the first-filed action of December 22, 2021 in the United States District Court for the Eastern District of New York. On that same day, counsel acting on Collins' behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Apton Decl., Ex. C (Press Release). The *Collins* Action was then transferred to this District on February 11, 2022, Case No. 3:22-cv-00851-CRB (N.D. Cal.), and a Notice of Voluntary Dismissal was filed by Collins on February 14, 2022 (ECF No. 16).

### V. ARGUMENT

#### A. Movant's Appointment as Lead Plaintiff Is Appropriate.

##### 1. The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. DENNIS RICHERSON'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

  (aa) has either filed the complaint or made a motion in response to a notice;

  (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *4 (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

  **a. Movant Is Willing to Serve as Class Representative.**

On December 22, 2021, counsel in the *Collins* Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against DocuSign and the Individual Defendants, and which advised putative

Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Action.[58]

Movant has reviewed the complaint filed in the first-filed Action and has timely filed his motion pursuant to the Notice. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6.

### b. Movant Has the Largest Financial Interest in the Relief Sought by the Class.

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-4921, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant purchased DocuSign shares in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately $106,928.71 under a LIFO and *Dura* LIFO analysis. *See* Apton Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the

---

[5] The Notice was published over *Business Wire*, a widely circulated national business-oriented wire service. *See* Apton Decl., Ex. C.

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. DENNIS RICHERSON'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a. Movant's Claims Is Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because his claims result from: (i) the same injuries as the absent class members; (ii) the same course of conduct by Defendants; and (iii) are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch,* 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.,* 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon,* 150 F.3d at 1020). A finding of commonality frequently supports a finding of typicality. *See Gold v.*

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. DENNIS RICHERSON'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

*Lumber Liquidators, Inc.,* 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claim is identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired DocuSign securities during the Class Period and was damaged thereby. Thus, Movant's claim is typical, if not identical, to those of the other members of the Class because the losses Movant seeks to recover is similar to those of other Class members and his losses results from the defendants' common course of conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interest of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1993) (citation omitted).

Movant's interest is clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interest and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss he suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for over thirty-five years. He resides in Murfreesboro, Tennessee,

and possesses a medical degree in cardiovascular and general anesthesiology. Movant is currently retired, but prior to that, he was an anesthesiologist at the Anesthesiology Group Practice. Further, Movant has experience overseeing attorneys, as he has hired attorneys for a home insurance matter. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has the largest financial interest in the outcome of the Action as a result of the defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Action.

**B. Approval of Movant's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914 at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. DENNIS RICHERSON'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.*, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Nickerson v. American Electric Power Company, Inc., et al.*, No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible. *See also* Apton Decl., Ex. E (the firm résumé of Levi & Korsinsky).

## VI.  CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the Action; (2) approve Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: February 22, 2022                           Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Dr. Dennis Richerson and Proposed Lead Counsel for the Class*