UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD R. WESTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOCUSIGN, INC., et al.,<br><br>　　　　Defendants. | Case No. 22-cv-00824-WHO<br><br>**ORDER RESOLVING DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 161, 163, 164, 165 |

In this securities fraud class action, plaintiffs contend that defendant Docusign, Inc. ("Docusign") made misrepresentations regarding the company's projected post-pandemic performance. The Amended Complaint ("AC") relies partly on statements from "confidential witnesses" (CWs) who are generally identified by job title, employer, and dates of employment; while they are not named in the AC, their identities have been disclosed to the defendants throughout the course of this litigation. The parties are at odds over: (1) the production of plaintiffs' communications with former Docusign employees, including the CWs, which the defendants seek to compel, and (2) the production of text messages from various custodians, which the plaintiffs seek to compel.[1]

**LEGAL STANDARD**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

---

[1] The parties have filed several administrative motions to seal the Joint Letter, which contains information designated Confidential under the Stipulated Protective Order by both CW 2 and CW 3. *See* Dkt. Nos. 161, 163, 164. Good cause shown, the motions to seal are granted.

defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Although broad, however, "[t]he scope of discovery is not unlimited." *Cabell v. Zorro Prods.*, 294 F.R.D. 604, 607 (W.D. Wash. 2013). The court "must limit" any discovery that it determines to be "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). "District courts have wide latitude" in making this determination. *U.S. Fid. and Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, n.10 (9th Cir. 2011).

## DISCUSSION

### I. CONFIDENTIAL WITNESSES

Defendants contend that previously withheld CW communications call the integrity of the Amended Complaint into question and warrant production of all documents regarding and communications with former employees, so that the defendants may "determine whether any other former employees provided plaintiffs with facts contradicting the AC's allegations, but that were omitted from the AC, or whether there are other former employees who did not want to sign off on inaccurate representations in the AC." Joint Letter [Dkt. No. 165] at 3-4 (redacted). According to the defendants, at least one CW told the plaintiffs that the as-filed AC was "glaringly incorrect" and at least one other CW requested that the plaintiffs remove certain allegations attributed to that CW from the AC. The defendants move to compel plaintiffs to produce: (1) all documents regarding and communications between any former Docusign employees (including, but not limited to the CWs) and plaintiffs, their counsel, or their investigators; and (2) any fee or other agreements between plaintiffs' counsel and Hach & Rose (counsel for certain CWs, whom plaintiffs are compensating) and any communications regarding such agreements.[2]

---

[2] Any fee agreements and communications related to fee agreements between the CWs' counsel and plaintiffs' counsel are discoverable, as fee arrangements generally do not fall within the scope of attorney-client privilege, and plaintiffs provide no reason why these particular agreements would. *See Gusman v Comcast Corp.*, 298 F.R.D. 592, 599 (S.D. Cal. 2014) (collecting cases). **The plaintiffs shall produce those communications per the defendants' request.**

Defendants overstate what they have discovered regarding the CWs; their requests are overbroad and invade the province of work product. *See e.g.*, *In re Bofl Holding, Inc. Securities Litigation*, 2021 WL 3700749 (S.D. Cal. Jul. 27, 2021). Plaintiff has agreed to provide its communications with CWs, (*see* Joint Letter at 2 and 3), and I agree that such disclosure is appropriate. But, at least on this record, defendants are not entitled more.

"The work product doctrine is a 'qualified' privilege that protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.' " *United States v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020) (citations omitted); *see also* Fed. R. Civ. P. 26(b)(3). Defendants are not entitled to plaintiffs' investigative materials like interview notes, witness summaries and the like. They are not entitled to know the identity of the non-CW former Docusign employees that plaintiffs have talked to or what they said.[3] They do know who the CWs are and can take their depositions/serve document subpoenas on them. If as a result of discovery defendants are able to show good cause to pierce the work product doctrine in the future, they would be able to receive additional documents. To date, they have shown neither "substantial need" nor that such information is not otherwise obtainable. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii).

## II.  TEXT MESSAGES

Plaintiffs seek production of texts from non-defendant custodians. They represent that they have narrowed the list to 25 custodians out of 53. Text messages are discoverable materials. *See, e.g.*, *Tsantes v. BioMarin Pharm. Inc.*, No. 3:20-CV-06719-WHO, 2022 WL 17974486, at *1 (N.D. Cal. Nov. 18, 2022). Plaintiffs have shown that DocuSign employees conducted some business by text. *See* Joint Letter at 1, n. 3. Defendants should provide the texts.

---

[3] I am not persuaded by the argument that the plaintiffs waived their right to object to this production when they did not object to CWs' counsel's production of some communications with plaintiffs. Joint Letter at 4. What defendants seek now is much broader access than what the CWs' counsel produced. This situation is different than *Carrasco v. Campagna*, No. C034727SBAEMC, 2007 WL 81909, at *3 (N.D. Cal. Jan. 9, 2007), where work product privilege was waived as to certain information the disclosure of which counsel had failed to object to at a prior deposition. Here, defendants seek additional information, involving many more individuals, with no apparent limitation as to scope.

1    Defendants oppose production on two grounds: (1) they say that they do not have
2 possession, custody, or control over the devices used to send the text messages, and (2) they argue
3 that the discovery is disproportionate to the needs of the case and could not be completed by the
4 discovery deadline.  Neither argument holds water.
5    A company has control over text messages if it has "the legal right to obtain [them] upon
6 demand," even if it does not currently possess them.  *See Ho v. Marathon Patent Group, Inc.*,
7 2021 WL 8532066, at *4 (C.D. Cal. Nov. 22, 2021) (citing *U.S. v. Int'l Union of Petroleum &*
8 *Indus. Workers*, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989)).  Defendants here have that legal
9 right and, accordingly, that control; as plaintiffs argue (and defendants do not contest), Docusign
10 employment agreements mandate that "if [employees] used any personal [device] . . . to . . .
11 transmit any Company information, [they] agree to make a prompt and reasonable search for such
12 information" and Docusign "may have access to such personal [devices] . . . to retrieve" it.  Joint
13 Letter at 1.  This gives the defendants the legal right to obtain text messages exchanged by the
14 custodians that concerned Docusign information.  Defendants do not need to have control over the
15 custodians' personal devices to have the right to obtain the text messages that the plaintiffs seek.
16    This request is proportionate to the needs of the case.  Plaintiffs have provided more than
17 20 examples of employees, including custodians, using texts for work, and have limited their
18 requests to texts that relate to Docusign information from 25 custodians.  *See* Joint Letter 1.
19 **Docusign shall obtain those text messages and produce them to the plaintiffs.**
20    **IT IS SO ORDERED.**
21 Dated: July 15, 2024

William H. Orrick
United States District Judge

4