**KESSLER TOPAZ MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001
jjoost@ktmc.com

*Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Carol C. Villegas (admitted *pro hac vice*)
Irina Vasilchenko (admitted *pro hac vice*)
James M. Fee (admitted *pro hac vice*)
Matthew J. Grier (admitted *pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
ivasilchenko@labaton.com
jfee@labaton.com
mgrier@labaton.com

*Counsel for Class Representatives and Class Counsel*

*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

RICHARD R. WESTON, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

DOCUSIGN, INC., DANIEL D. SPRINGER, MICHAEL J. SHERIDAN, CYNTHIA GAYLOR, and LOREN ALHADEFF,

Defendants.

Case No. 3:22-cv-00824-WHO

ECF CASE

**CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR APPROVAL OF JOINTLY AGREED FORM AND CONTENT OF NOTICE OF PENDENCY AND METHOD FOR PROVIDING NOTICE TO THE CLASS AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Date: September 25, 2024
Time: 2:00 p.m.
Place: Courtroom 2, 17th Floor
Judge: Hon. William H. Orrick

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

I. PRELIMINARY STATEMENT ........ 2

II. RELEVANT BACKGROUND ........ 2

III. ARGUMENT ........ 4

A. The Court Should Approve the Form and Content of the Proposed Notices ........ 4

B. The Court Should Approve the Proposed Methods of Disseminating the Notices ........ 5

C. The Court Should Approve the Selected Administrator ........ 7

IV. CONCLUSION ........ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Advanced Battery Techs., Inc. Sec. Litig.*,
298 F.R.D. 171 (S.D.N.Y. 2014) ....................6

*Baker v. SeaWorld Entertainment, Inc.*,
No. 3:14-cv-02129-MMA-AGS (S.D. Cal. Feb. 19, 2020) ....................7

*Bowe v. Public Storage*,
No. 1:14-cv-21559-UU (S.D. Fla. June 1, 2015)....................7

*Boston Retirement System v. Uber Technologies, Inc.,*
No. 3:19-cv-06361-RS (N.D. Cal. June 7, 2023) ....................6

*Bruno v. Quten Research Inst., LLC*,
2012 WL 12886843 (C.D. Cal. July 16, 2012)....................4

*Di Donato v. Insys Therapeutics, Inc.,*
No. 2:16-cv-00302-PHX-NVW (D. Ariz. Mar. 20, 2020)....................6, 7

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974)....................5

*In re Facebook, Inc. IPO Sec. & Derivative Litig.*,
No. 1:12-md-02389-RWS-GWG (S.D.N.Y. June 8, 2016) ....................7

*In re The Honest Company, Inc. Sec. Litig.*,
No. 21-cv-07405-MCS (C.D. Cal. May 24, 2023) ....................6

*In re K12 Inc. Sec. Litig.*,
No. 4:16-cv-04069-PJH (N.D. Cal. Feb. 14, 2019) ....................7

*In re MGM Mirage Sec. Litig.*,
708 F. App’x. 894 (9th Cir. 2017) ....................6

*In re Miller Energy Res., Inc. Sec. Litig.*,
No. 3:11-cv-00386-TAV-CCS (E.D. Tenn. Oct. 8, 2014)....................7

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
177 F.R.D. 216 (D.N.J. 1997)....................5

*Mullane v. Central Hanover Bank & Trust Co.,*
339 U.S. 306 (1950) ....................5

*Rodriguez v. Kraft Food Grp., Inc.*,
2016 WL 5844378 (E.D. Cal. Oct. 5, 2016) ....................4

*In re Synovus Fin. Corp.*, No. 1:09-cv-01811-WCO (N.D. Ga. Nov. 18, 2014) ....................7

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, 736 F. App'x. 639 (9th Cir. 2018) ....................5

**Other Authorities**

Fed. R. Civ. P. 23 .................... *passim*

Fed. R. Civ. P. 23(b)(3) ....................4

Fed. R. Civ. P. 23(c)(2)(B) ....................4, 6

Fed. R. Civ. P. 23(f) ....................3

William B. Rubenstein, *Newberg and Rubenstein on Class Actions* (6th ed. Dec. 2022) ....................6

**NOTICE OF MOTION AND MOTION**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 25, 2024, at 2:00 p.m., or at the Court's earliest convenience, before The Honorable William H. Orrick, United States District Court for the Northern District of California, Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, court-appointed Lead Plaintiffs and Class Representatives Deka International S.A. Luxembourg ("DIL") and the Public Employee Retirement System of Idaho ("PERSI" and together with DIL, "Class Representatives") will and hereby do move this Court for an entry of an Order in the above-captioned action (the "Action"), pursuant to Rule 23 of the Federal Rules of Civil Procedure: (i) approving the jointly agreed form and content of the proposed Notice of Pendency of Class Action ("Notice"), the proposed Postcard Notice ("Postcard Notice"), and the proposed jointly agreed Summary Notice of Pendency of Class Action ("Summary Notice"); (ii) approving the jointly agreed proposed methods for disseminating to the Court-certified Class the Notice, Postcard Notice, and Summary Notice (together, the "Notices"); and (iii) appointing A.B. Data, Ltd. ("A.B. Data," selected solely by the Class Representatives) for purposes of administering the proposed notice program. In support of this Motion, Class Representatives submit the following Memorandum of Points and Authorities, the Declaration of Irina Vasilchenko ("Vasilchenko Decl.") and exhibits thereto, and a proposed Order (the "Notice Order"), filed concurrently herewith.[1]

Court-appointed Class Counsel, Labaton Keller Sucharow LLP ("Class Counsel"), has conferred with counsel for the Defendants in the Action—DocuSign Inc. ("DocuSign"), Daniel D. Springer, Michael J. Sheridan, Loren Alhadeff, and Cynthia Gaylor (collectively, "Defendants," and together with the Class Representatives, the "Parties")—and they do not oppose this Motion.

[1] The proposed Notices are annexed to the Vasilchenko Decl. as Exhibits 1 to 3.

Defendants also have reviewed and agree to the form and content of the proposed Notices and methods to disseminate them, as well as the opt-out timeline.[2]

**STATEMENT OF THE ISSUES TO BE DECIDED**

The issues to be decided on this Motion are:

1. Whether to approve the jointly agreed proposed forms of Notice, Postcard Notice, and Summary Notice;

2. Whether to approve the jointly agreed proposed methods for dissemination of the proposed Notices; and

3. Whether to appoint A.B. Data to administer the proposed notice program.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. PRELIMINARY STATEMENT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Court's Class Certification Order and the Class Notice Scheduling Order, Class Representatives submit this Motion and incorporated Memorandum of Points and Authorities and respectfully request that the Court: (1) approve the form and content of the jointly agreed proposed Notice, Postcard Notice, and Summary Notice; (2) approve the jointly agreed proposed methods of disseminating the Notices to the Class; and (3) approve the selection of A.B. Data to administer the notice program.

## II. RELEVANT BACKGROUND

On May 28, 2024, the Court filed the Class Certification Order granting Lead Plaintiffs' motion to certify a class consisting of: "All persons and entities that who or which, during the

[2] Class Representatives are filing this Motion pursuant to the Court's May 28, 2024 Sealed Order Certifying the Class (ECF No. 156, the "Class Certification Order"), which was publicly filed on June 10, 2024 (ECF No. 158), as well as the June 17, 2024 Stipulation and Order Extending Deadline for the Class Notice Proposal (ECF No. 160, the "Class Notice Scheduling Order"), which stated that "all parties shall submit jointly an agreed-upon form of notice," and "shall also submit a joint proposal for dissemination of the notice, as well as their proposed timeline for opting out of the action." Class Certification Order at 22. The Parties have conferred and understand this language to mean Class Representatives' submission of jointly agreed-upon form of notice and proposal for notice dissemination and opting out, rather than a joint motion by the Parties.

period from June 4, 2020 through June 9, 2022, inclusive (the "Class Period"), purchased the publicly traded common stock of DocuSign, Inc. and were damaged thereby" (collectively, the "Class" and individually, the "Class Members"). The Court excluded from the Class: "(i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer, director, or control person of DocuSign during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) DocuSign's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, subsidiaries, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, in their capacities as such."[3] *See* ECF No. 156 at 2.[4] The Class Certification Order also provided that "[w]ithin three weeks of the date of entry of this order, all parties shall submit jointly an agreed-upon form of notice" and "shall also submit a joint proposal for dissemination of the notice, as well as their proposed timeline for opting out of the action." *Id*. at 22.

On June 7, 2024, Defendants filed a petition, pursuant to Fed. R. Civ. P. 23(f), with the Court of Appeals for the Ninth Circuit seeking review of the Class Certification Order (the "Rule 23(f) Petition"). On June 14, 2024, the Parties filed a stipulation seeking an extension of the deadline to submit a joint class notice proposal until after a decision on Defendants' Rule 23(f) Petition—specifically, within 28 days of any denial of such petition (*see* ECF No. 159)—which the Court so-ordered on June 17, 2024 (ECF No. 160). Following briefing, by Order dated July 18, 2024, the Court of Appeals denied Defendants' Rule 23(f) Petition. *See* ECF No. 170. Accordingly, pursuant to the Court's Class Certification Order and its June 17, 2024 Class Notice Scheduling Order (ECF No. 160), Class Representatives submit this Motion, which Defendants do

---

[3] The Individual Defendants are Daniel D. Springer, Michael J. Sheridan, Cynthia Gaylor, and Loren Alhadeff.

[4] On June 10, 2024, the Court filed the Class Certification Order on the public docket. ECF No. 158.

not oppose and have agreed to the form and content of the proposed Notices and methods to disseminate them, as well as the opt-out timeline.

## III. ARGUMENT

### A. The Court Should Approve the Form and Content of the Jointly Agreed Proposed Notices

Class Representatives respectfully request that the Court approve the form and content of the proposed jointly agreed Notices. Rule 23 of the Federal Rules of Civil Procedure states that "[f]or any class certified under Rule 23(b)(3) ... the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice must provide sufficient information such that class members can "make an informed decision regarding participation in the action." *Rodriguez v. Kraft Food Grp., Inc.*, 2016 WL 5844378, at *3 (E.D. Cal. Oct. 5, 2016). As courts have explained, "notice plans are not expected to reach every class member; Rule 23 requires the best notice 'practicable,' not perfect notice." *Bruno v. Quten Research Inst., LLC*, 2012 WL 12886843, at *1 (C.D. Cal. July 16, 2012) (citation omitted).

Consistent with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), the proposed jointly agreed long-form Notice states in clear, concise and plain language: (1) the nature of the action; (2) the definition of the certified Class; (3) the claims and issues of the Class; (4) a Class Member's right to enter an appearance by an attorney; (5) a Class Member's right to be excluded from the Class and the time and manner for requesting exclusion; and (6) the binding effect of a judgment on Class Members. *See* Fed. R. Civ. P. 23(c)(2)(B). The content of the proposed Notice therefore satisfies the requirements of Rule 23(c)(2)(B) and should be approved.

Likewise, the proposed jointly agreed Postcard Notice and Summary Notice provide abbreviated information concerning, among other things, the pendency of the Action, the definition of the Class, the binding effect of a judgment, how to request exclusion, and how to obtain more information about the Action. The Postcard Notice also contains a "QR" code that will link to the long-form Notice when read by a digital device, such as a smartphone or iPad.

The proposed jointly agreed Notices explain the right of Class Members to seek exclusion from the Class, as well as the procedure for requesting exclusion. Pursuant to the proposed Notice Order, requests for exclusion must be mailed to the Administrator within sixty (60) calendar days of the mailing of the Postcard Notice. *See* Notice Order at ¶9.

### B. The Court Should Approve the Proposed Jointly Agreed Methods of Disseminating the Notices

Because class actions are binding on all class members unless a class member affirmatively requests exclusion, the notice requirement implicates due process. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). But "[d]ue process does not require actual notice." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 177 F.R.D. 216, 231 (D.N.J. 1997). Due process "requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig*, 736 F. App'x. 639, 640 (9th Cir. 2018) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, (1950)). Here, the proposed methods for disseminating the Notices to potential Class Members satisfy these standards.

Class Representatives, through the Administrator, will cause the Postcard Notice to be mailed by first-class mail to every potential Class Member who can be identified through reasonable efforts. The Administrator will use transfer records provided by DocuSign and the Administrator's proprietary lists of the nation's largest brokers and nominees whose customers may be Class Members to identify potential Class Members. Brokers and other nominee purchasers of record will be required to either:

(i) Mail (and email to the extent emails are available) the Postcard Notice to their customers who are beneficial owners of DocuSign common stock; or

(ii) Send lists of the names, addresses, and emails of their customers to the Administrator, in which case the Administrator will then mail the Postcard Notice to the beneficial owners. To

the extent email addresses for potential Class Members are provided, the Administrator will also transmit notice via email.

The Administrator will cause the Summary Notice to be published in *The Wall Street Journal* and to be distributed on the internet using PR Newswire within fourteen (14) calendar days of the mailing of the Postcard Notice.

In addition, the Administrator will post the long-form Notice on the website created and maintained for the litigation and mail the Notice upon request. The website for the litigation will also post information about the case, including the operative complaint and other relevant documents.

This combination of individual first-class mailed notice to all potential Class Members who can be identified with reasonable efforts, supplemented by notice in *The Wall Street Journal* and over the internet, has been found by numerous courts overseeing securities class actions to be the "best notice ... practicable under the circumstances" and should be approved. Fed. R. Civ. P. 23(c)(2)(B); *see*, *e.g.*, *In re MGM Mirage Sec. Litig.*, 708 F. App'x. 894, 896 (9th Cir. 2017) (affirming district court's approval of similar notice procedures as "the best practicable notice under the circumstances"). Courts have also repeatedly held that Rule 23 class notice may be provided to class members through postcards delivered by first-class mail. *See* William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 8:28 (6th ed. Dec. 2022 update) ("[N]umerous courts have held that postcard notice is 'more than sufficient.'") (collecting cases). As courts have recognized, postcards are a particularly appropriate way to avoid the increased expense of other forms of dissemination. *See*, *e.g.*, *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 182 n.3 (S.D.N.Y. 2014) ("The use of a combination of a mailed post card directing class members to a more detailed online notice has been approved by courts.") (citations omitted).[5]

[5] *See*, *e.g.*, *Boston Retirement System v. Uber Technologies, Inc.,* Case No. 3:19-cv-06361-RS, slip op. at 1 (N.D. Cal. June 7, 2023) (approving notice program with postcard); *In re The Honest Company, Inc. Sec. Litig.*, Case No. 21-cv-07405-MCS, slip op. at 3 (C.D. Cal. May 24, 2023) (approving notice program with postcard); *Di Donato v. Insys Therapeutics, Inc.,* No. 2:16-

The proposed notice program is also recommended by a highly experienced administrator selected by the Class Representatives, A.B. Data. *See* Declaration of Adam D. Walter on Behalf of A.B. Data, Ltd. Concerning Proposed Notice of Pendency, Vasilchenko Decl. Exhibit 4.

### C. The Court Should Approve the Selected Administrator

Class Representatives request, and Defendants do not oppose, that the Court approve the selection of A.B. Data as the Administrator, which was chosen after a competitive bidding process. A.B. Data is a nationally recognized notice and claims administration firm, which was founded in 1981 and has handled hundreds of class action administrations involving billions of dollars in recoveries. *See* Vasilchenko Decl., Exhibit 4. A small sampling of the larger securities class cases handled by members of their team in recent years is: *In re AIG Securities Litigation,* No. 04 Civ. 8141 (S.D.N.Y.); *In re Countrywide Financial Corp. Securities Litigation,* No. 07 Civ. 05295 (C.D. Cal.); *In re Fannie Mae 2008 Securities Litigation,* No. 08 Civ. 7831 (S.D.N.Y.); *In re General Electric Co. Securities Litigation,* No. 09 Civ. 1951 (S.D.N.Y.), and many in the Northern District of California, including *SEB Investment Management AB v. Symantec Corp.*, Case No. C 18-02902-WHA and *In re RH, Inc. Securities Litigation*, Case No. 4:17-00554-YGR.

## IV. CONCLUSION

Class Representatives respectfully request that the Court grant their unopposed Motion in its entirety, approve the jointly agreed proposed forms of the Notices, approve the jointly agreed proposed methods for disseminating the Notices, appoint A.B. Data as the Administrator, and enter the proposed Notice Order.

---

cv-00302-PHX-NVW (D. Ariz. Mar. 20, 2020) (approving postcard notice); *Baker v. SeaWorld Entertainment, Inc.*, No. 3:14-cv-02129-MMA-AGS, slip op. at 4 (S.D. Cal. Feb. 19, 2020) (approving postcard notice); *In re K12 Inc. Sec. Litig.*, No. 4:16-cv-04069-PJH, slip op. at 4 (N.D. Cal. Feb. 14, 2019) (same); *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, No. 1:12-md-02389-RWS-GWG, slip op. at 3 (S.D.N.Y. June 8, 2016) (same); *Bowe v. Public Storage*, No. 1:14-cv-21559-UU, slip op. at 1 (S.D. Fla. June 1, 2015) (same); *In re Miller Energy Res., Inc. Sec. Litig.*, No. 3:11-cv-00386-TAV-CCS, slip op. at 4-5 (E.D. Tenn. Oct. 8, 2014) (same); *In re Synovus Fin. Corp.*, No. 1:09-cv-01811-WCO, slip op. at 3-4 (N.D. Ga. Nov. 18, 2014) (same).

DATED: August 15, 2024

**LABATON KELLER SUCHAROW LLP**

/s/ Irina Vasilchenko
Carol C. Villegas (admitted *pro hac vice*)
Irina Vasilchenko (admitted *pro hac vice*)
James M. Fee (admitted *pro hac vice*)
Matthew J. Grier (admitted *pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
ivasilchenko@labaton.com
jfee@labaton.com
mgrier@labaton.com

*Counsel for Class Representatives and Class Counsel*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001
jjoost@ktmc.com

*Liaison Counsel for the Class*

**DRRT**
Joseph Gulino (admitted *pro hac vice*)
340 West Flagler Street, 2nd Floor
Miami, Florida 33130
Tel: 1 (305) 760-8030
Fax: 1 (305) 760-8030
jgulino@drrt.com

*Additional Counsel for Class Representative DIL*

**KLAUSNER KAUFMAN JENSEN & LEVINSON**
Robert D. Klausner (admitted *pro hac vice*)
7080 Northwest 4th Street
Plantation, Florida 33317
Tel: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com

**RISCH PISCA, PLLC**
Jason S. Risch (admitted *pro hac vice*)
407 W. Jefferson St.
Boise, ID 83702
Tel: (208) 345 9929
jrisch@rischpisca.com

*Additional Counsel for Class Representative PERSI*